**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No.: 15-cv-01591-RM-MEH

WILLIAM R. FIX, P.C.,

Plaintiff,

v.

STANLEY GALE,

Defendant.

---

**ORDER**

---

THIS MATTER is before the Court on the parties' responses to the Court's Minute Order dated August 18, 2015, requesting the parties to address the forum defendant rule set forth in 28 U.S.C. § 1441(b)(2). Under that rule, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) [diversity] of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." In his response, Defendant implicitly acknowledges the rule applies, but argues that his violation of the rule constitutes a waivable nonjurisdictional defect which Plaintiff has waived by filing the Magistrate Consent Form and a Response to Defendant's Motion to Dismiss. (ECF No. 22.) Plaintiff, on the other hand, requests referral of this case to the state court from which it was removed, which request the Court construes as a motion to remand (the "Motion").

Pursuant to 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." "Nonjurisdictional defects must be raised

within 30 days after the filing of the notice of removal or they are waived." *Sheldon v. Khanal*. No. 10-3237, 2012 WL 5860560, at *4, 502 F. App'x 765, 770 (10th Cir. Nov. 20, 2012). In the Tenth Circuit, the forum defendant rule is a nonjurisdictional requirement which may be waived. *See American Oil Co. v. McMullin*, 433 F.2d 1091, 1093 (10th Cir. 1970). In reviewing the parties' positions, the Court is guided by the principle that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004); *Tinner v. Farmers Ins. Co., Inc.*, No. 12-3115, 2012 WL 6013802, at *2, 504 F. App'x 710, 713 (10th Cir. Dec. 4, 2012).

In this case, Plaintiff's Motion was filed on August 25, 2015, within 30 days of Defendant's Notice of Removal filed on July 27, 2015; therefore, the Motion is timely. Defendant's waiver argument is based on two filings by Plaintiff: (1) a Magistrate Consent Form (ECF No. 16) directed by the Magistrate Judge (ECF No. 14); and (2) Plaintiff's Response to [Defendant's] Motion to Dismiss (ECF No. 15).[1] Defendant cites to no legal authority in support of his contention that such actions constitute a waiver. Assuming that Defendant is relying on *American Oil Co., supra,* and *Lopata v. Handler*, 121 F.2d 938 (10th Cir. 1941), set forth in his response, those cases fail to support any waiver in this instance.

In *Lopata,* the Tenth Circuit found plaintiffs waived their right to have the case remanded where plaintiffs' counsel affirmatively stated in open court they would not seek to have the case remanded and then proceeded to trial on the merits. *Lopata*, 121 F.2d at 940. In *American Oil Co.*, the Tenth Circuit found plaintiff waived the improper removal where it participated in the removed case by stipulating to a transfer of a related case; filing a motion to consolidate the transferred case with the removed case; filing a motion to amend its complaint; and filing a

---

[1] It has not gone unnoticed that Defendant removed this action from the Jefferson County District Court to this Court, only to request this Court to dismiss this action as being improperly before this Court. (ECF No. 8, Defendant's Motion to Dismiss for improper venue.)

motion for an order to sell certain attached items.  *American Oil Co.*, 433 F.2d at 1093.  In doing so, the Tenth Circuit quoted the following:

> But where a suit of which the United States Court may entertain original jurisdiction is instituted in the state court and the defendant obtains its removal, even though the removal is irregular, defective, or unauthorized, and plaintiff acquiesces in such removal by seeking relief from the United States Court, that court acquires jurisdiction of the subject matter.

*American Oil Co.*, 433 F.2d at 1094 (quoting *Parks v. Montgomery Ward & Co.*, 198 F.2d 772, 774 (10th Cir. 1952)) (quotation marks omitted).  These cases demonstrate that a waiver of procedural or nonjurisdictional defects may be found where plaintiff seeks relief from the federal court to which the state court case was removed or otherwise takes affirmative action supporting a finding of a waiver.  Here, Plaintiff has taken no such action.  It is therefore

ORDERED that Plaintiff's motion to remand is granted and this case is hereby REMANDED to the District Court, Jefferson County, State of Colorado, where it was originally filed as Civil Action No. 2015CV030991.

DATED this 27th day of August, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge